UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PROCEEDS FROM THE SALE OF REAL
PROPERTY LOCATED AT 2257 WATERMAN,
DETROIT, WAYNE COUNTY, MICHIGAN
IN THE AMOUNT OF TWO HUNDRED
FORTY EIGHT THOUSAND FIVE HUNDRED
FORTY THREE DOLLARS AND SIXTY TWO
CENTS ($248,543.62) PLUS ALL INTEREST
THAT HAS ACCURED,

    Defendant.

Case No. 07-12038
Hon. Sean F. Cox

## OPINION AND ORDER

This matter is before the Court on Claimant Marshall Stillman's Motion to dismiss complaint and return property. Both parties have briefed the issues and a hearing was held August 9, 2007. For the following reasons, the Court **DENIES** Claimant's Motion to dismiss.

### I.   BACKGROUND

This action arises out of Claimant's sale of real property located at 2257 Waterman in Detroit, Michigan ("the property"). Clamaint, Marshall Stillman, owned and operated a Citgo gas station on the property from 1995 until 2006. The proceeds from the sale of the property are presently being held in an escrow account with Fidelity National Title Insurance Company.

Plaintiff brought this forfeiture action against the property pursuant to 18 U.S.C. §

1

981(a)(1), which provides in relevant part:

> The following property is subject to forfeiture to the United States:
> (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

Plaintiff alternatively brings the action pursuant to 21 U.S.C. § 881(a), which provides in relevant part:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance...in violation of [Title 21 of the United States Code], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [Title 21].
> (7) All real property...which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of [Title 21].

[Complaint, ¶6].

On June 1, 2006, Plaintiff placed an Affidavit of Interest regarding the 2257 Waterman property with the Wayne County Register of Deeds. [Motion, Exhibit B]. Claimant entered into a purchase agreement to sell the property in early 2006, but was unable to deliver clean title to the purchasers due to Plaintiff's Affidavit. Claimant and Plaintiff negotiated an agreement whereby Plaintiff would remove the Affidavit so Claimant could complete the sale, and Claimant agreed to put the proceeds in escrow so Plaintiff could have six months to file official forfeiture proceedings. At the end of six months, Plaintiff agreed to either release the funds to Claimant or "institute civil and/or criminal forfeiture proceedings against the funds." In November 2006, Claimant sold the property and the Defendant proceeds were placed in an escrow account. On May 9, 2007, six months after signing the Agreement, Plaintiff filed the instant civil forfeiture Complaint under seal, seeking $248,543.62 in proceeds from the sale of Claimant's property and

all interest that has accrued.

## II. STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted). The plaintiff is not required to provide detailed factual allegations, but must "provide the grounds of his entitlement to relief" by offering more than "labels and conclusions." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Id*. at 1965. The plaintiff is required to plead enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

## III. ANALYSIS

Claimant argues that the instant forfeiture action should be dismissed. Claimant contends the government breached the Agreement by filing the action under seal because the agreement contemplated public filing, and because filing under seal frustrated the purpose of the agreement. Claimant also argues that Plaintiff should be estopped from pursuing this action. Finally, Claimant contends that because the Agreement limited the time to bring this claim to six months from the date the Agreement was signed, that remains the limitation period. Thus, according to Claimant, Plaintiff is time-barred from re-filing if this action is dismissed.

### A. Breach

Claimant argues that the clear intent of the parties was that "instituting" a forfeiture

proceeding meant filing publicly. The relevant portion of the Agreement provides:

> The parties wish to enter into this Agreement to deposit the net proceeds from the sale of the real property commonly known as 2257 Waterman, Detroit, Michigan, into an interest bearing escrow account maintained by Fidelity National Title Insurance Co., for a period not to exceed six (6) months from the date of said deposit, during which time, or at its expiration, the Government will release the funds to Marshall Stillman, or institute civil and/or criminal forfeiture proceedings against the funds.

It is clear that the Agreement does not explicitly state that the filing of an action would be public. Nonetheless, Claimant argues that based on the plain and ordinary meaning of the contract, it implies that the filing would be public. Claimant does not contend there was any discussion regarding the manner in which the complaint was to be filed. Claimant merely states that the parties intended the filing to be public. Plaintiff does not deny that it assumed it would be at a point in its investigation after six months, that the forfeiture filing could be public. [Response, p.3]. However, according to Plaintiff, that was not the case when it came time to file the complaint.

A "plain and ordinary" reading of the Agreement does not lend itself to the interpretation that only a public complaint would be filed. While it may be the case that most civil actions are filed publicly, nothing in the language of the Agreement or the actions of the parties indicate that public filing was required here. Although Claimant directs the court to 28 C.F.R. § 50.9, which states that there is a "vital public interest in open judicial proceedings," and creates an affirmative duty on the part of the government to oppose closure; § 50.9 also contains an exception for proceedings ancillary to Grand Jury proceedings. According to Plaintiff, the complaint in this action was sealed to protect the ongoing criminal investigation and Grand Jury proceedings.

4

Claimant is not entitled to dismissal of the instant Complaint based on a breach of the Agreement because it was not a requirement of the contract that the action be publicly filed.

**B.      Frustration of Purpose**

Claimant also contends the action should be dismissed because the sealed filing frustrates the purpose of the Agreement.

In order to establish frustration of purpose, a party must prove: (1) the principle purpose of the contract has been frustrated ("[t]he object must be so completely the basis of the contract that, as both parties understand, without it the transaction would make little sense"); (2) the frustration is severe; and (3) the non-occurrence of the frustrating event was a basic assumption upon which the contract was made. *Printing Industries of Northern Ohio, Inc. v. International Printing and Graphic Communications Union, Local No. 56*, 584 F.Supp. 990, 1000 (N.D.Ohio 1984).

Claimant does not allege sufficient facts for any of the three elements.  First, the purpose of the Agreement between Plaintiff and Claimant has not been frustrated.  The principle purpose of the contract was for Plaintiff to allow Claimant to proceed with the sale of the property. Claimant confirms this in his Motion where he states: "[t]he Agreement was necessary so that the Claimant could proceed with the sale of the Waterman Property, and the government could have six more months to continue its investigation before the basis for its filing of the Affidavit of Interest on the subject property would have to be revealed." [Motion, p.6].  The purpose of the agreement was not to elicit a public filing from the government.  The purpose of the agreement, to allow sale of the property and provide additional time for investigation has not been frustrated. Second, the alleged frustration is not severe.  Claimant had notice of the action because he was

5

sent a notice that the action was sealed. Further, as Plaintiff notes, Claimant can petition the Court under 18 U.S.C. § 981(g) to stay the pendency of the forfeiture case until his criminal proceedings have concluded:

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that (A) the claimant is the subject of a related criminal investigation or case...

Third, as has already been discussed, that Plaintiff would file publicly was not a basic assumption upon which the contract was made. The parties did not discuss in what manner the action would be filed.

Claimant is not entitled to dismissal based on the doctrine of frustration of purpose.

### C. Equitable Estoppel

Claimant argues that the government should be estopped from pursuing this action. The Sixth Circuit states:

> Estoppel is an equitable doctrine which a court may invoke to avoid injustice in particular cases. The traditional elements of equitable estoppel are: (1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on the misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel. The government, however, 'may not be estopped on the same terms as any other litigant.' Instead, a party attempting to estop the government bears a very heavy burden in sustaining its argument. At a minimum, the party must demonstrate some 'affirmative misconduct' by the government in addition to the other estoppel elements.
> * * *
> ... 'affirmative misconduct' is more than mere negligence. It is an act by the government that either intentionally or recklessly misleads the claimant. The party asserting estoppel against the government bears the burden of proving an intentional act by an agent of the government and the agent's requisite intent.

*Michigan Express, Inc. v. U.S.*, 374 F.3d 424, 427 (6th Cir. 2004)(citations omitted).

It is undisputed that the government did not make any intentional act indicating that it would file publicly. Further, to the extent the government failed to make clear that it may file

6

the action under seal, such an omission would not rise above the level of mere negligence. Accordingly, equitable estoppel is inapplicable.

As Plaintiff has neither frustrated the purpose of the parties' Agreement, nor breached their contract, it is not necessary to address Claimant's argument regarding the statute of limitations or Plaintiff's argument regarding Claimant's alleged efforts to delay the criminal proceedings.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Claimant Marshall Stillman's Motion to dismiss complaint and return property.

**IT IS SO ORDERED.**

<u>**S/Sean F. Cox**</u>
**Sean F. Cox**
**United States District Judge**

**Dated:  August 17, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2007, by electronic and/or ordinary mail.**

<u>**S/Jennifer Hernandez**</u>
**Case Manager**